IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OKLAHOMA

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | Case No. 19-CR-0173-001-CVE |
| | ) | (21-CV-0110-CVE-CDL) |
| NEVILLE DAVID EWELL, II, | ) | |
| | ) | |
| Defendant. | ) | |

**OPINION AND ORDER**

Now before the Court is defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 83). Under 28 U.S.C. § 2255, "a prisoner in custody under sentence of a court established by Act of Congress claiming the right to be released upon the ground that the sentence was imposed in violation of the Constitution or laws of the United States . . . may move the court which imposed the sentence to vacate, set aside or correct the sentence." Defendant argues that he pled guilty pursuant to a plea agreement with the understanding that he could not be charged with additional crimes arising out of the same investigation, but he has since been named as a defendant in a separate criminal case in the Northern District of Oklahoma. Dkt. # 83, at 4. He also argues that his attorney, Martin Hart, was ineffective for failing to investigate the informants utilized by the police, for failing to ask defendant if he was actually guilty, and for failing to file a motion to suppress evidence. Id. at 5-7. The Court ordered plaintiff to respond to defendant's § 2255 motion, and plaintiff has filed a response (Dkt. # 94), including an affidavit by Hart addressing defendant's allegations of ineffective assistance of counsel. The deadline for defendant to file a reply in support of his § 2255 motion has expired, and defendant has not filed a reply.

I.

On August 12, 2019, a grand jury returned an indictment charging defendant with maintaining a drug involved premises, being a felon in possession of a firearm, and destroying or removing evidence. Dkt. # 2. The events giving rise to the indictment took place between February and March 2019, and the charges primarily arose out of the execution of search warrant at defendant's home on March 8, 2019. The presentence investigation reports states that police arrested Larry Latwan Walker as he was leaving defendant's residence just prior to the execution of the search warrant, and this alerted defendant to the presence of police officers outside of his home. Defendant began flushing cocaine down the toilet before police officers entered the residence, but police officers ultimately recovered 5.38 grams of cocaine and a loaded firearm during the search. Defendant was arrested and charged with drug and firearm offenses in state court, and he was released on bond pending trial. While on pretrial release on the state charges, law enforcement officers obtained a search warrant for a hotel room being occupied by defendant and Walker.

On August 13, 2019, police officers arrived at the Clarion Hotel in Tulsa to execute the search warrant and announced their presence. Defendant and Walker stepped onto the balcony outside the hotel room and began to throw bags off the balcony. Police recovered one of the bags and recovered 18.43 grams of methamphetamine and 15.97 grams of marijuana, and they also found a loaded handgun in or near the room. On September 5, 2019, a grand jury returned a superseding indictment (Dkt. # 17) alleging a total of ten counts against defendant and Walker. Defendant was charged with possession of cocaine with intent to distribute (count one), maintaining a drug involved premises (count two), being a felon in possession of a firearm (count three), destroying or removing evidence (counts four and ten), drug conspiracy (count seven), and possession of methamphetamine

with intent to distribute (count eight). Walker was charged with being a felon in possession of a firearm (count five), being a user of a controlled substance in possession of a firearm (count six), drug conspiracy (count seven), possession of methamphetamine with intent to distribute (count eight), possession of a firearm in furtherance of a drug trafficking crime (count nine), and destroying or removing evidence (count ten). Counts one through four of the indictment were based on the March 2019 search and the remaining counts related to the August 2019 search.

Defendant made his initial appearance and he was unable to afford counsel to represent him, and the Court appointed Martin Hart to represent defendant. Dkt. # 7. Hart advised the Court that defendant intended to change his plea pursuant to a plea agreement, and a change of plea hearing was set for December 10, 2019. The plea agreement permitted defendant to change his plea to an information charging him with a single count of possessing a firearm in furtherance of a drug trafficking crime. Plaintiff agreed to "dismiss the remaining counts in the instant case," but the plea agreement did not contain a provision prohibiting any further prosecution of defendant. Dkt. # 51, at 8. Pursuant to Fed. R. Crim. P. 11(c)(1)(C), the parties stipulated that the appropriate sentence was five years imprisonment, and defendant acknowledged that the sentence would run consecutively to any other sentence imposed. Id. at 12. In addition to the plea agreement, Hart also assisted defendant with the preparation of a petition to enter plea of guilty in which defendant admitted that he possessed a firearm in furtherance of the crimes of possessing crack cocaine and maintaining a drug involved premises. Dkt. # 50, at 2.

Defendant appeared at the change of plea hearing and was represented by Hart.[1] The Court reviewed the plea agreement with defendant and neither plaintiff nor the Court advised defendant that the plea agreement contained a "no further prosecution" agreement or provision. Defendant stated on the record that he had no agreement with plaintiff that was not contained in the plea agreement, or that any other person made any different representation about the nature of the bargain, in effort to persuade defendant to plead guilty. Defendant admitted to the essential elements of a § 924(c) charge and the Court accepted defendant's guilty plea. The sentencing hearing was held on June 23, 2020, and the Court sentenced defendant to 60 months imprisonment pursuant to the parties' plea agreement.

On August 5, 2020, a grand jury returned an indictment charging defendant and others with conspiring to possess firearms in furtherance of a drug trafficking crime, conspiracy to possess marijuana with intent to distribute, and with possession of a firearm in furtherance of a drug trafficking crime. United States of America v. Orlando Reed et al., 20-CR-111-CVE, Dkt. # 2 (N.D. Okla. Aug. 5, 2020). Hart was originally appointed to represent defendant, but Hart subsequently withdrew from the case after defendant filed his § 2255 motion asserting claims of ineffective assistance of counsel. 20-CR-111-CVE, Dkt. # 55. The Court appointed John Campbell to represent defendant in Case No. 20-CR-111-CVE. Campbell has filed a motion to dismiss the charges against defendant in Case No. 20-CR-111-CVE on the ground that plaintiff breached the plea agreement by filing new charges against defendant and that plaintiff's delay in filing the new case violated defendant's constitutional rights. 20-CR-111-CVE, Dkt. # 97.

---

[1] No party has requested a transcript of the change of plea hearing, but the Court has reviewed an audiorecording of the change of plea hearing.

On March 20, 2021, defendant filed a timely motion to vacate, set aside, or correct sentence under § 2255 in this case. Plaintiff has filed a response to the motion and has provided an affidavit from Hart addressing defendant's allegations of ineffective assistance of counsel. Hart states that he did advise defendant that it was Hart's opinion that "no other charges would be filed by the United States Attorney's Office for the Northern District of Oklahoma that arose from its investigation of Ewell's actions and conduct giving rise to the Superseding Indictment in 19-CR-173-CVE and regarding any past criminal conduct." Dkt. # 94-1, at 1. Hart acknowledges that defendant asked him to investigate the use of fake or fictitious informants who were allegedly used to obtain a state court warrant, and Hart hired an investigator to gather information concerning defendant's allegations. Id. The investigator provided information suggesting that the police officer who obtained the search warrant lied about the existence of the informant or the informant lied to the police officer. Id. at 2. However, Hart did not file a motion to suppress and he claims that defense strategy had no role in his decision not to file a motion, even though defendant asked Hart to file such a motion. Id.

## II.

Defendant argues that Hart advised him that no other criminal charges would be filed against him if he pled guilty pursuant to the plea agreement, and he could be arguing that plaintiff breached the plea agreement by filing additional criminal charges against defendant. Dkt. # 83, at 4. Defendant also claims that Hart was ineffective for failing to investigate defendant's assertion that police used "fake or non-existent informants" and for failing to file pretrial motions as requested by

defendant.² Id. at 5-8. Defendant does not specify what relief he is seeking in his § 2255 motion. Id. at 5. Plaintiff responds that Hart did provide ineffective assistance counsel by giving misleading advice about the plea agreement and for failing to file a pretrial motion to suppress, but plaintiff argues that defendant cannot establish that he was prejudiced by Hart's deficient performance. Dkt. # 94, at 10-18.

To establish ineffective assistance of counsel, a defendant must show that his counsel's performance was deficient and that the deficient performance was prejudicial. Strickland v. Washington, 466 U.S. 668, 687 (1984); Osborn v. Shillinger, 997 F.2d 1324, 1328 (10th Cir. 1993). A defendant can establish the first prong by showing that counsel performed below the level expected from a reasonably competent attorney in criminal cases. Strickland, 466 U.S. at 687-88. There is a "strong presumption that counsel's conduct falls within the range of reasonable professional assistance." Id. at 688. In making this determination, a court must "judge . . . [a] counsel's challenged conduct on the facts of the particular case, viewed as of the time of counsel's conduct." Id. at 690. Moreover, review of counsel's performance must be highly deferential. "[I]t is all too easy for a court, examining counsel's defense after it has proved unsuccessful, to conclude that a particular act or omission of counsel was unreasonable." Id. at 689.

---

²     Defendant also states that "[m]y counsel never asked me if I was guilty" and defendant claims that he "just wrote down what [Hart] told me in the petition to plea." Dkt. # 83, at 7. However, defendant does not argue that he was actually innocent of the charge alleged in the information and there is no request for relief associated with this allegation. At the change of plea hearing, defendant admitted under oath to the essential elements of the offense, and he represented numerous times that he was knowingly and voluntarily changing his plea. Hart also states that he does not always ask a client if he is guilty depending on the type of case and the available evidence, and the Court does not find that Hart was ineffective for failing to ask defendant if he was actually guilty. Dkt. # 94-1, at 2.

To establish the second prong, a defendant must show that counsel's deficient performance prejudiced the defendant to the extent that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different. A reasonable probability is a probability sufficient to undermine confidence in the outcome." Id. at 694; see also Lockhart v. Fretwell, 506 U.S. 364, 369-70 (1993). In Glover v. United States, 531 U.S. 198, 199 (2001), the Supreme Court held that "any amount of actual jail time has Sixth Amendment significance." Thus, the prejudice prong of the Strickland test does not require that any increase in sentence must meet a standard of significance. See United States v. Horey, 333 F.3d 1185, 1187-88 (10th Cir. 2003).

**Advice Concerning Plea Agreement**

Defendant argues that Hart advised him that he could not be charged with additional crimes if he pled guilty pursuant to the plea agreement, but plaintiff brought new charges against defendant in Case No. 20-CR-111. Dkt. # 83, at 4. Plaintiff does not dispute that Hart's performance was deficient, but plaintiff argues that defendant has not shown that he was prejudiced by Hart's inaccurate advice about the possibility of additional criminal charges being filed against defendant. Dkt. # 94, at 10-14.

Courts interpreting a plea agreement apply general principles of contract law and "look to the express language in the agreement to identify both the nature of the government's promise and the defendant's reasonable understanding of this promise at the time of the entry of the guilty plea." United States v. Rodriguez-Rivera, 518 F.3d 1208, 1212-13 (10th Cir. 2008). Any ambiguities in the plea agreement are construed against the government as the drafter of the plea agreement. United States v. Villa-Vazquez, 536 F.3d 1189, 1196 (10th Cir. 2008). If the government breaches a plea

7

agreement, the defendant is entitled to a remedy that "restores the meaningfulness of his bargain." United States v. Burke, 633 F.3d 984, 994 (10th Cir. 2007).

Defendant pled guilty to an information pursuant to a Rule 11(c)(1)(C) plea agreement for a sentence of 60 months imprisonment. Defendant claims that Hart advised him that he could not be charged with additional crimes if he pled guilty. Dkt. # 83, at 4. Hart states in his affidavit that he advised defendant that the plea agreement "would be the best deal for him," and he "told [defendant] (my opinion) no other charges would be filed by the United States Attorney's Office for the Northern District of Oklahoma that arose from the investigation of Ewell's actions . . . ." Dkt. # 94-1, at 1. In Case No. 20-CR-111-CVE, defendant is charged with being a felon in possession of a firearm (count two), conspiracy to possess firearms in furtherance of a drug trafficking crime (count four), drug conspiracy (count five), and possession of a firearm in furtherance of a drug trafficking crime (count six). Case No. 20-CR-111-CVE, Dkt. # 106. Hart believes that the charges filed against defendant in Case No. 20-CR-111-CVE arose out of the "same investigation and same alleged conspiracy" giving rise to the charges in this case. Dkt. # 94-1, at 1.

In defendant's § 2255 motion, he merely states that additional charges were filed against him in Case No. 20-CR-111-CVE and that his attorney advised him that no other charges would be filed if he pled guilty pursuant to the plea agreement in this case. Dkt. # 83, at 4. Defendant is represented by counsel in Case No. 20-CR-111, and the Court will consider the arguments raised by defense counsel in the motion to dismiss in Case No. 20-CR-111 in ruling on defendant's § 2255 motion. Defense counsel, John Campbell, argues that defendant had a reasonable understanding that no additional charges would be brought against him if he accepted the plea agreement, because a "no further prosecution" provision is normally part of a plea agreement and Hart advised defendant that

8

new charges would be filed. Dkt. # 97, at 6. Campbell also cites to a provision of the plea agreement stating that "the United States will be free to prosecute the defendant for all charges of which it then has knowledge" if the plea agreement was rejected by the Court or if defendant successfully withdrew his guilty plea. Case No. 19-CR-173, Dkt. # 51, at 9. Campbell asserts that this provision contains an implicit agreement that plaintiff would not bring additional criminal charges against defendant unless one of the listed events, such as withdrawal of the guilty plea, occurred. Case No. 20-CR-111, Dkt. # 97, at 5.

The Court finds that no reasonable defendant would have understood that the plea agreement prohibited plaintiff from bringing additional criminal charges against him, but Hart erroneously advised defendant that plea agreement prohibited the further prosecution of defendant. The plea agreement does not contain any provision stating that plaintiff gave up the right to prosecute defendant for additional crimes, even though many plea agreements in this district do include such a provision. The absence of a "no further prosecution" agreement strongly suggests that the parties did not intend to prevent plaintiff from bringing criminal charges against defendant in another criminal case. The provision cited by Campbell merely states that plaintiff would be free to bring additional charges against defendant in this case if the Court rejected the plea agreement or if defendant successfully withdrew his guilty plea. Neither of these events happened and plaintiff did not file additional charges against defendant in this case. However, Hart mistakenly advised defendant that no other criminal charges would be brought against him in any future criminal case, and this constitutes deficient performance by counsel. Hart is an experienced defense attorney who is familiar with criminal practice in this district, and he should have recognized the significance of the absence of a "no further prosecution" agreement from the plea agreement. Hart's advice that no

9

other charges would be filed against defendant was contrary to the express language of the plea agreement, and defendant should not have been advised to plead guilty based on a belief that no additional criminal charges could be brought against him.

Even though Hart provided deficient performance, defendant must still show that he was prejudiced by Hart's erroneous advice concerning plaintiff's ability to bring new criminal charges against defendant. Defendant has not stated that he would have rejected the plea agreement and gone to trial on all of the charges alleged against him in the superseding indictment, nor has defendant made any allegation that he was actually innocent of the charge in the information to which he pled guilty. Hart should not have advised that he could not be prosecuted for additional crimes, but defendant has made no allegations suggesting that Hart's erroneous advice had any impact on the proceedings. The Court also notes that defendant has not requested any remedy in this case for Hart's ineffective assistance of counsel. Based on the motion to dismiss filed in Case No. 20-CR-111, it appears that the remedy defendant is seeking is the dismissal of all charges against him in the new criminal case. The Court will consider this issue when ruling on the motion to dismiss in Case No. 20-CR-111, but defendant has not requested to withdraw his guilty plea to the information and it does not appear that he is seeking any specific remedy in this case based on Hart's deficient performance. The Court finds that defendant has not met his burden to show that he was prejudiced by Hart's conduct, and his ineffective assistance of counsel claim is denied.

**Failure to File Motion to Suppress/Failure to Investigate**

Defendant argues that he directed Hart to file pretrial motions, including a motion to suppress, but Hart failed to file any pretrial motions. Dkt. # 83, at 8. Defendant also argues that Hart failed to investigate the alleged use of fake or non-existent informants by police. Id. at 5. Hart states

that he hired a private investigator to gather information about defendant's claims concerning the alleged use of false or non-existent informants by the police, and the private investigator gathered information that could have supported defendant's allegations. Dkt. # 94-1, at 1-2. However, Hart failed to file any pretrial motions concerning the alleged use of fake informants, and he claims that "[d]efense strategy played no part in [his] decision-making on whether or not to file a motion to suppress." Id. at 2.

The failure to file a motion to suppress can constitute defective performance by an attorney if the failure was the result of lack of preparedness rather than a strategic decision to refrain from filing the motion. Kimmelman v. Morrison, 477 U.S. 365 (1986). However, the mere fact that defendant asked Hart to file pretrial motions does not mean that defendant was prejudiced as a result of the failure to file pretrial motions, and defendant must show that there was a colorable basis to file pretrial motions. United States v. Oldham, 2021 WL 2806216, *6 (N.D. Okla. July 6, 2021); United States v. Roybal, 2017 WL 3405602 (D.N.M. Mar. 24, 2017). In this case, Hart's affidavit suggests that he could have had a basis for requesting an evidentiary hearing under Franks v. Delaware, 438 U.S. 154 (1978), and the Court will presume that Hart provided ineffective assistance of counsel by failing to file such a motion.

Defendant has made no attempt to show that he was prejudiced by Hart's failure to file a motion to suppress or any other pretrial motion, and the Court will not construct an argument on defendant's behalf. Defendant merely alleges that Hart failed to file unspecified motions at defendant's request, but defendant makes no argument that the outcome of the proceedings would likely have been affected by the filing of any pretrial motions. Plaintiff argues that defendant has not shown that he would have obtained any relief even if the Court held a Franks hearing and, even

11

if evidence from the March 2019 search had been suppressed, all of the evidence obtained during the August 2019 incident would still have been admissible at trial. Dkt. # 94, at 14-16. Defendant has not met his burden to show that he was prejudiced by Hart's failure to file pretrial motions, and his § 2255 motion (Dkt. # 83) is denied.

### III.

Pursuant to 28 U.S.C. § 2253, a defendant is required to obtain a COA before appealing a final order in a proceeding under 28 U.S.C. § 2255. Section 2253(c) instructs that the court may issue a COA "only if the applicant has made a substantial showing of the denial of a constitutional right," and the court "indicates which specific issue or issues satisfy [that] showing." A defendant can satisfy that standard by demonstrating that the issues raised are debatable among jurists, that a court could resolve the issues differently, or that the questions deserve further proceedings. Slack v. McDaniel, 529 U.S. 473 (2000) (citing Barefoot v. Estelle, 463 U.S. 880, 893 (1983)). After considering the record in this case, the Court concludes that a COA should not issue because defendant has not made a substantial showing of the denial of a constitutional right. The Court does not find that the issues raised by defendant are debatable among jurists or that the Tenth Circuit would resolve the issues differently, and defendant has not made a substantial showing of the denial of a constitutional right.

**IT IS THEREFORE ORDERED** that defendant's motion to vacate, set aside, or correct sentence pursuant to 28 U.S.C. § 2255 (Dkt. # 83) is **denied**. A separate judgment is entered herewith.

**IT IS FURTHER ORDERED** that the Court declines to issue a certificate of appealability on any issue raised in defendant's § 2255 motion.

**DATED** this 23rd day of December, 2021.

_____
CLAIRE V. EAGAN
UNITED STATES DISTRICT JUDGE